## Commonwealth v. Palik, etc.

*Edward B. Madden*, for Commonwealth.
*Thomas H. Armstrong*, for defendant.

ROWLEY, P. J., October 7, 1952.—This matter is before the court, after allowance, upon appeal from a summary conviction.

Samuel C. Bono filed his information before an alderman, wherein he complained that defendant George Palik did "refuse to pay wages lawfully due to affiant, in violation of Act of April 24, 1913, P. L. 114, 43 PS §251-3."

The alderman convicted defendant and imposed a fine of $50 and costs of prosecution, whereupon this appeal followed.

Section 1 of the Act of 1913, P. L. 114, provides:

"Unless otherwise stipulated in the contract of hiring, each person, firm, or corporation employing any person, other than at an annual salary, shall pay to such person his or her earnings or wages semi-monthly. The first payment shall be made between the first and fifteenth day of each month, and the second payment shall be made between the fifteenth and the last day of each month."

Section 2 of that statute provides:

"Any person, firm, or corporation that shall violate any of the provisions of this Act shall be guilty of

a misdemeanor, and upon conviction thereof before any alderman, magistrate, or justice of the peace of the proper county shall be sentenced to pay a fine not exceeding one hundred dollars (100.)".

Opposing counsel have submitted to the court an agreed statement of facts which includes the following:

"3. The defendant is a member of a partnership known as Farrell Taxi Cab Company, and the prosecutor was an employe of said Company.

"4. The prosecutor alleged that the Taxi Cab Company was indebted to him in an amount less than One Hundred Dollars. The defendant Taxi Cab Company claimed a set-off.

"5. The Company had a regular agreed weekly pay day for all employes."

Counsel for appellant contends that the statute, above quoted, "applies only when no special time of payment has been agreed upon and does not apply when wages are payable monthly or any other agreed regular time."

In support of this principle, appellant cites: Bauer v. Reynolds, 3 Dist. R. 502; Com. v. Marsh, 3 Dist. R. 489; Commonwealth v. Lipschultz et al., 19 D. & C. 415; Commonwealth v. Muller et ux., 31 D. & C. 372; Com. v. Matthewson, 36 Luz. 27.

Counsel for appellee offers nothing contra.

Inasmuch as appellee concedes, in the agreed facts, that his employer "had a regular agreed weekly pay day for all employes," it is obvious that the present prosecution cannot be sustained.

### Order

And now, October 7, 1952, this matter came on for argument, whereupon, after due consideration, it is ordered, adjudged, and decreed that the appeal be sustained and the conviction by the alderman reversed.